# Fowler's Estate.

*Wills—Unattested will—Remainder to charity after life estate—Widow—Power to use or consume—Intestacy—Election against will—Act of June 7, 1917, P. L. 403.*

1. Where a testator without children by an unattested will gives all of his estate to his wife "to have and to hold and to use during her life" and after her death "all" property to go "to such charitable institutions as she may designate," the power to "use" does not give the widow the power to consume.

2. In such case the widow takes a life estate, but she has no power to designate charities as entitled to take after her death, inasmuch as the source of such a gift was the will of testator, and as his will was not attested as required by the Act of June 7, 1917, P. L. 403, the gift was void, and intestacy follows.

3. The widow is entitled to half the intestate estate absolutely, and the other half for life on entering security to protect the person entitled to the remainder under the intestate laws.

Submitted October 13, 1924. Appeal, No. 141, Oct. T., 1924, by Laura J. Fowler, widow, from decree of O. C. Allegheny Co., Oct. T., 1921, No. 413, dismissing exceptions to decree of distribution in estate of Joseph D. Fowler, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to decree of distribution. Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

Exceptions dismissed in opinion by TRIMBLE, J. Laura J. Fowler, widow, appealed.

*Error assigned* was decree, quoting it.

*W. W. Stoner,* of *J. M. Stoner & Sons,* and *Thos. N. Neely,* for appellant.—Appellant has not taken this appeal out of levity or for delay, but with absolute honesty of purpose, in the hope that the Supreme Court of the

State of Pennsylvania will point out error in the decree
of the court below, which appellant's counsel has missed.

*Harry J. Nesbit,* for appellee.—We desire to say to the
court that it is our belief this appeal is not taken frivo-
lously or for purpose of delay; appellant's good faith and
honesty of purpose cannot be doubted; she holds the
layman's view of the case and cannot believe that the
desire of her deceased husband as to the final disposition
of his estate, to charities of her nomination, is not valid
and cannot be carried out, even though it be against her
material interests.

PER CURIAM, November 24, 1924:

In affirming the decree appealed from, we adopt the
following excerpts from the opinion of the court below
in banc:

"Decedent [without children] made his......will
......, unattested, on April 11, 1919; he directed pay-
ment of his debts, and gave......all his 'money, stock,
bonds, mortgages, notes and all oil interests and all
property of every kind, both personal and real estate,'
to his wife Laura J. Fowler, 'to have and to hold, and to
use during her life, and at her death all money, stocks,
bonds, mortgages, notes and all property of every kind
to go to such charitable institutions as she may desig-
nate.'.....The court distributed the balance, $70,899.56,
'To Laura J. Fowler, widow,......to be paid to her
upon giving bond......' Exceptions were filed to this
decree which require us to consider whether the bequest
to charities is [invalid], because the signature of the
testator is not attested, [and, if void, the effect on the
distribution of decedent's estate].

"The interest given to the widow......is a life estate.
......The power to consume is not implied from the
right to 'use' the corpus, because it is '*all*' given over to
charitable uses to be appointed by the tenant for life.
This seems to......emphasize the intention of testator

that when he authorized his wife to use his property he did not mean by that that she could consume it. Testator gave to his widow a power of appointment of the residue of his estate to such charitable institutions as she [might] designate. It is clear that his intention could be carried out only after her death, because he said at her death *'all property of every kind'* should pass to the institutions which she [might] designate; it would therefore be necessary for her to designate by last will and testament...... [But] the source of the gift is the will of Joseph D. Fowler......[and, as] his will was not attested as required by the Wills Act, the gift is therefore void and intestacy follows.

"The remainder of decedent's estate must pass under the intestate laws [and] his widow takes one-half...... She has elected to take under his will; but 'her election to take the legacy under the will was in lieu of her interest in the part of the estate as to which there was a testacy, not as to the part of the estate as to which there was an intestacy': Thompson's Est., 229 Pa. 542, 551. ......The remainder......will be distributed as follows: One-half thereof to the widow absolutely, and the other one-half to her for life upon giving bond in the sum of $50,000 with sureties to be approved by the court, with remainder in this one-half to decedent's mother upon the death of the life tenant."

The decree is affirmed, costs to be paid out of the estate of decedent.